AO 243 (Rev. 09/17)

AMENDED MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District SDFLA |
|---|---|
| Name *(under which you were convicted)*: BRETT GRAHAM, | Docket or Case No.: 26-24140-CV-MIDDLEBRO |
| Place of Confinement: COLEMAN CAMP | Prisoner No.: 66566-511 |
| UNITED STATES OF AMERICA v. | Movant *(include name under which convicted)* BRETT GRAHAM |

FILED BY DC D.C.
JUL - 6 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**MOTION**

1. (a) Name and location of court which entered the judgment of conviction you are challenging:
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
(b) Criminal docket or case number (if you know): 1:25-CR-20103-DMM-1

2. (a) Date of the judgment of conviction (if you know): SEPTEMBER 16, 2025
(b) Date of sentencing: SEPTEMBER 16, 2025

3. Length of sentence: 84 MONTHS

4. Nature of crime (all counts): WIRE FRAUD - 1 COUNT

5. (a) What was your plea? (Check one)
(1) Not guilty ☐ (2) Guilty ☑ (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? N/A

6. If you went to trial, what kind of trial did you have? (Check one) Jury ☐ Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes ☑ No ☐
AT SENTENCING



1:20

8. Did you appeal from the judgment of conviction? Yes ☐ No ☑

9. If you did appeal, answer the following:

(a) Name of court: ____________________

(b) Docket or case number (if you know): ____________________

(c) Result: ____________________

(d) Date of result (if you know): ____________________

(e) Citation to the case (if you know): ____________________

(f) Grounds raised:

____________________

(g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☐

If "Yes," answer the following:

(1) Docket or case number (if you know): ____________________

(2) Result: ____________________

____________________

(3) Date of result (if you know): ____________________

(4) Citation to the case (if you know): ____________________

(5) Grounds raised:

____________________

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

Yes ☐ No ☑

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: ____________________

(2) Docket or case number (if you know): ____________________

(3) Date of filing (if you know): ____________________



2:20

(4) Nature of the proceeding: ____________________

(5) Grounds raised:

____________________

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☐

(7) Result: ____________________

(8) Date of result (if you know): ____________________

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: ____________________

(2) Docket of case number (if you know): ____________________

(3) Date of filing (if you know): ____________________

(4) Nature of the proceeding: ____________________

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☐

(7) Result: ____________________

(8) Date of result (if you know): ____________________

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes ☐ No ☐

(2) Second petition: Yes ☐ No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

____________________



3;20

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** COUNSEL WAS INEFFECTIVE FOR FAILING TO INVESTIGATE AND PRESENT MEDICAL AND PSYCHIATRIC MITIGATION (SIXTH AMENDMENT)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel possessed knowledge of compounding, extraordinary mitigating physical/mental health factors overlapping with the exact timeline (2019-2024) of movant's single wire fraud count plea:

May 2018: Movant underwent failed open-heart surgery to repair aortic valve.
2018-2024: Movant was prescribed cardiovascular medications to slow valve deterioration despite the absence of high blood pressure resulting in a medically-induced "zombie" state that significantly impaired cognitive functioning.
Sept 2023: Movant underwent successful open-heart surgery to replace aortic valve.
Dec 2024: Movant suffered an acute psychiatric break resulting in attempted suicide and Baker Act hospitalization.

Counsel was fully aware of these facts, yet failed to retain a mental health expert to evaluate movant and explain to the court the nexus between movant's physical/mental health state and his anomalous actions. Counsel's ineffective assistance in failing to investigate did not reflect reasonable professional judgement, resulting in per se prejudice.

Movant by this Amended Motion requests his sentence be vacated, that he be appointed competent counsel, examined by appropriate medical expert(s), and granted a new evidentiary/sentencing hearing.

(b) **Direct Appeal of Ground One:** N/A

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:** N/A

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐



4:20

AO 243 (Rev. 09/17)

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** COUNSEL'S FAILURE TO RETAIN A MENTAL HEALTH EXPERT TO PARTICIPATE IN MOVANT'S DEFENSE VIOLATED MOVANT'S DUE PROCESS RIGHTS (FIFTH AMENDMENT)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel's failure to retain an expert mental health professional to evaluate movant meant that no expert was involved in movant's defense, and no expert appeared on movant's behalf at sentencing. The court-appointed psychologist informed counsel that she wanted to appear, but was barred by contract from doing so.

The court mandated movant undergo psychological counseling, both pre-trial and post release. The court's own-appointed psychologist felt the impetus to be heard at movant's sentencing, but could not. Movant made counsel directly aware of the profound impact of the failed open heart surgery and its aftermath. And Susan Kraus spoke of the impact and difficulties movant experienced while referencing the same events at issue in movant's federal plea in a civil matter in Orange County, CA Superior Court November 4, 2024: "It's had to be so difficult for him to do something like this...It's out of [character] of anything that I have ever seen with him in my life." And later during the same line of questioning, "He's held a lot of it strongly together with some really, very sad times...Please, God, let him understand and learn and stay...stay with us."

Counsel was neglectful in failing to retain a mental health expert for movant's defense to examine and opine on what was apparent to others. Counsel's failure denied the court an accurate and complete picture of the facts, and violated movant's constitutional right to due process.

Movant by this Amended Motion seeks that his sentence be vacated, that he be appointed competent counsel, that he be examined by appropriate medical expert(s), and granted a new evidentiary/sentencing hearing.

(b) **Direct Appeal of Ground Two:** N/A

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐



5:20

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:** N/A

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:



6:20

**GROUND THREE:** COUNSEL WAS INEFFECTIVE FOR DEFAULTING ON FILING AGREED SENTENCING MEMORANDUM, AND THEN FAILING TO INTRODUCE MITIGATION EVIDENCE AT SENTENCING

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel's failure to file agreed sentencing memorandum substantially undermined movant's defense. This neglect was compounded by counsel's failure to then introduce extensive mitigating evidence at hearing which stripped movant's defense of all contextual depth leaving the court with a one-sided, highly prejudicial view.

Counsel underscored the axiomatic nature of the sentencing memorandum expressing to movant via email three weeks prio to sentencing "that is why we file our own documents for sentencing, like letters and a memorandum. Those documents are the important vehicles for the defense."

Four days prior to sentencing, counsel told movant she would be drafting the memorandum the weekend prior to sentencing Then, 41.5 hours prior to hearing, counsel informed movant via email she was abandoning the memorandum. Counsel was past the local rules deadline for submission and in procedural default at each stage of this charade. And counsel's lack of candor is confirmed by her March 23, 2026 memorandum to movant in which she acknowledged "No sentencing memorandum or mitigation submission or draft exists."

Out of neglect, counsel created chaos. When the prosecution submitted the long-expected coerced or false submissions from Kraus & Clayton, counsel could only seek delay (denied) in lieu of advocacy via planned pre-emptive mitigation.

Counsel abjectly failed to provide effective assistance under any standard of reasonableness. By this Amended Motion movant seeks that his sentence be vacated, that he be appointed competent counsel, and granted a new evidentiary hearing.

(b) **Direct Appeal of Ground Three:** N/A

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:** N/A

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ________

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know): ________

Date of the court's decision: ________

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

AO 243 (Rev. 09/17)

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:** COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO PROVIDE A CONSTITUTIONALLY ADEQUATE CONSULTATION REGARDING THE DIRECT APPEAL (SIXTH AMENDMENT)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Movant was remanded September 16, 2025. Two days later, movant contacted counsel seeking urgent assistance on an appeal. Counsel met with movant shortly following movant's outreach. Counsel advised movant he had fourteen days following sentencing to appeal. Immediately thereafter, counsel told movant he had "no grounds" on which to appeal.

Movant desperately wanted to appeal, but counsel's resolute "no grounds" comment caused movant - a first time offender with no prior interaction with the federal criminal justice system - not to appeal. After the meeting, movant reached out to counsel numerous times via email and voicemail. Counsel did not return movant's entreaties until October 8, 2025 - well after the deadline to appeal had passed.

Counsel's action telling movant he had "no grounds" to appeal, thereby actively dissuading him from doing so, was both plainly wrong and did not satisfy her constitutional duty to consult, properly inform, and ascertain movant's true wishes regarding an appeal. As counsel failed in her duty to provide effective assistance, movant is entitled to and by this Amended Motion requests an out-of-time appeal.

(b) **Direct Appeal of Ground Four:** N/A

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:** N/A

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐

(2) If you answer to Question (c)(1) is "Yes," state:



8:20

Type of motion or petition: ______

Name and location of the court where the motion or petition was filed:

______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available):

______

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available):

______

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

______

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

NONE OF THE GROUNDS HAVE BEEN PRESENTED IN FEDERAL COURT BECAUSE NO APPEAL WAS FILED.

______



9:20

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging? Yes ☐ No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing:

ELIZABETH BLAIR, OFFICE OF THE FEDERAL PUBLIC DEFENDER, 150 W. FLAGLER ST, SUITE 1700 MIAMI, FL 33130

(b) At the arraignment and plea:

SEE ABOVE

(c) At the trial:

N/A

(d) At sentencing:

SEE ABOVE

(e) On appeal:

NONE

(f) In any post-conviction proceeding:

NONE

(g) On appeal from any ruling against you in a post-conviction proceeding:

NONE

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☐ No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes ☐ No ☐



10:20

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

N/A

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.



11:20

Therefore, movant asks that the Court grant the following relief: VACATE MY SENTENCE, APPOINT COMPETENT COUNSEL, PROVIDE FOR AN EXPERT WITNESS, ALLOW FOR AN OUT OF TIME APPEAL; OR IN THE ALTERNATIVE GRANT A CERTIFICATE OF APPEALABILITY.

or any other relief to which movant may be entitled.

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on JUNE 30, 2026.
(month, date, year)

Executed (signed) on JUNE 30, 2026 (date)

[signature]
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.



12:20

GROUND FIVE: THE GOVERNMENT'S FAILURE TO DISCLOSE PARALLEL RECOVERY ACTIONS SEEKING THE SAME FUNDS FOR THE SAME ACTIONS RESULTED IN UNLAWFUL SENTENCING (MVRA, 18 U.S.C. s 3664(J)(2), USSG s 2B1.1)

Movant's sentence and restitution were based on a loss amount of $8.427mm.

The government, the party which has the burden of providing the court with competent and accurate information under the Mandatory Victims Recovery Act (MVRA), failed to disclose multiple parallel civil actions that were a matter of public record- FINRA Arbitration No. 24-02072 and SDNY Case No. 1:25-cv-00745-JMF - seeking to recover the exact amount of funds from institutions/individuals arising from the same circumstances.

The FINRA arbitration appears to have settled for $3.25mm less than a month after movant's sentencing indicating that settlement discussions were very far along, if not already pre-agreed at the time of sentencing. The status of the SDNY case is not a matter of public record.

Movant by this Amended Motion/Memorandum requests full disclosure of all recovery actions initiated related to the same funds, settlement/resolution or current status thereof, and a revised restitution order/amount accounting for all offsets. To the extent the sentencing was based on inaccurate information provided by the government, it was unlawful.

MEMORANDUM IN SUPPORT OF 2255 MOTION

PRELIMINARY STATEMENT

Movant respectfully submits this Memorandum in support of his amended motion to Vacate, Set Aside, or Correct Sentence - not change his plea - under 28 U.S.C. 2255.

Movant's sentencing was tainted by numerous structural constitutional failures under the Sixth Amendment. Defense counsel completely abandoned counsel's duty to investigate and present severe, documented medical and mental health mitigation issues and evidence, counsel defaulted on filing an agreed sentencing memorandum and then amplified the impact of counsel's own neglect by failing to present or introduce non-medical/mental health mitigating evidence, and counsel failed to meet the Supreme Court or Eleventh Circuit standard to appropriately consult and advise movant regarding an appeal by telling him he had "no grounds" in response to movant's urgent request for help with an appeal.

Movant's sentencing was similarly tainted by structural constitutional failure under the Fifth Amendment. Counsel caused a due process violation by failing to retain an expert to assess movant's mental health at the time of his actions or participate in any facet of his defense resulting in movant being sentenced based on inaccurate and untested information.

The government's failure to disclose parallel proceedings seeking the identical amount of recovery resulting from the

same actions/loss - which commenced well prior to indictment and were on the cusp of resolution/settlement at the time of sentencing - violated the Mandatory Victims Recovery Act, U.S.C. s 3664(J)(2), and USSG s 2B1.1.

STANDARD OF REVIEW

A federal prisoner may seek relief under 28 U.S.C. 2255 if their sentence was imposed in violation of the Constitution or laws of the United States.

Relief is appropriate where sentencing proceeding was infected by Constitutional error, statutory violation, or other fundamental defect that renders judgement unreliable.

The Sixth Amendment right to counsel includes the right to the effective assistance of competent counsel. McMann v. Richardson, 397 U.S. 759, 771 (1970). Under the governing framework of Strickland v. Washington, 466 U.S. 668 (1984), to make a successful claim of ineffective assistance of counsel, a petitioner must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. Counsel's performance is deficient only if it falls below the wide range of competence demanded of attorneys in criminal cases. See Strickland, 466 U.S. at 687-88. Prejudice occurs when there is a "reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

The Fifth Amendment prohibits sentencing based on materially unreliable or inaccurate information. The Supreme Court has held that a defendant is entitled to the assistance of a mental health professional/evaluation when his mental state at the time of the offense is in question, Ake v. Oklahoma, 470 U.S. (1985). Moreover, that failure to provide a defendant the assistance of a medical expert for evaluation and to assist in his defense is a violation of due process, McWilliams v. Dunn, 582 U.S. (2017).

The Mandatory Victims Recovery Act (MVRA) requires restitution supported by competent evidence, with the burden placed upon the government. Restitution cannot exceed actual loss or result in duplicate recovery. Duplicate recovery and multiple proceedings are prohibited under U.S.C. s 3664(J)(2). Accurate loss is essential to lawful sentencing.

A sentencing court is required to impose a sentence consistent with U.S.C. 3553(a) that is sufficient but not greater than necessary. To do so depends on an accurate and total picture of the facts.

Under 2255(b) the court must grant evidentiary hearing unless the matter and record conclusively show that movant is not entitled to relief.

GROUND ONE : COUNSEL WAS INEFFECTIVE FOR FAILING TO INVESTIGATE AND PRESENT MEDICAL AND PSYCHIATRIC MITIGATION (SIXTH AMENDMENT); AND

GROUND TWO: COUNSEL'S FAILURE TO RETAIN A MENTAL HEALTH EXPERT TO PARTICIPATE IN MOVANT'S DEFENSE VIOLATED MOVANT'S DUE PROCESS RIGHTS (FIFTH AMENDMENT)

In Porter v. McCollum, 558 U.S. 30 (2009) the Supreme Court held that where counsel failed to uncover and present any evidence of mental health or mental impairment, the decision not to investigate did not reflect reasonable professional judgement. The court further held that the judge and jury at sentencing as a result heard almost nothing that would humanize the guilty party or allow them to accurately gauge moral culpability. Had counsel been effective, the judge and jury would have learned of the "kind of troubled history we have declared relevant to assessing a defendant's moral culpability." Wiggins v. Smith, 539 U.S. at 534, 535 123 S. Ct. 2527, 156 L. Ed. 2d 471.

The Supreme Court reversed in Porter ruling even an "uncooperative [defendant]...does not obviate the need for defense counsel to conduct some sort of mitigation investigation." Rompilla v. Beard, 545 U.S. 381-82,125 S. Ct. 2456, 162 L. Ed. 2d 360. In this matter the situation was even clearer as movant was both highly cooperative and transparent.

Counsel could have had no ambiguity as to movant's view of the impact of the surgeries/medications on movant's mental & physical health as he related it to counsel both verbally in person as well as via email April 21, 2025:

> "I feel like I was in a physical cell from 2018-24 after the failed operation. Almost like walking dead. I exhibited really poor judgement...terrible judgement that belies the rest of my life...Finally after the second operation and recovery I am physically healthy and my head is clear. But the past year has been consumed with a family fight that my Mom opposes and would loathe if she knew what was happening now."

Counsel was fully aware of all facts related to movant's physical/mental health history between 2018-24, and movant assisted Counsel in obtaining all medical records from initial diagnosis through to the second open-heart surgery and beyond. Yet counsel failed to retain mental health expert(s) to conduct an investigatory evaluation of movant resulting in clear prejudice under Porter.

Early on in conversations with movant, counsel mentioned bringing in a mental health professional, but never followed through. Moreover, counsel did not timely submit movant's medical records for inclusion in the PSR, which does not mention any medical/mental health issues in correct detail.

Movant had no prior criminal record and took full responsibility with family for his actions prior to becoming aware of any civil or criminal litigation - actions entirely out of character and caused by mental imbalance - while expressing remorse and commitment and initiative to fully replenish Kraus' estate and assume responsibility for interim expenses - the latter by arranging a wire to Kraus' account covering her ensuing year's expenses. Movant's redemptive actions were met by Clayton

denying movant access to seeing or speaking with his mother against her will, and initiating civil and then seeking criminal action which made further redemptive actions impossible.

The court recognized movant's ongoing mental health issues in ordering psychological counseling as a condition of pre-trial release - initially bi-weekly, which movant's treating clinician increased to weekly in the months leading up to sentencing, and also as a post-release probation requirement seven years hence. Movant's counsel, conversely, took no action to investigate on behalf of her client, and failed to request or obtain a report from the court-appointed psychologist.

This failure to investigate, mitigate and present to the court any evidence meets both prongs of the Strickland standard. An indigent criminal defendant was held to be entitled to assistance of a psychiatrist when sanity at the time of the offense is seriously in question. Ake v. Oklahoma, 470 U.S. 68 (1985). In McWilliams v. Dunn, 582 U.S. 183, 198 (2017), the Supreme Court held that denying a defendant a medical expert to "assist in evaluation, preparation and presentation of the defense" violates due process. See also United States v. Julian, 2022 WL 1769139 (11th Cir. 2022) ("Due process requires appointment of an expert when there is a reasonable probability both that an expert would be of assistance to the defense and that denial of expert assistance would result in a fundamentally unfair trial.")

Under the standards of Wiggins v. Smith, 539 U.S. 510 (2003) movant's Sixth Amendment rights were violated, and counsel's actions fell well below the standard of reasonableness under prevailing professional norms which prejudiced movant's defense. Under McWilliams v. Dunn and United States v. Julian, movant's due process rights were obliterated.

This is textbook both ineffective assistance of counsel and due process violation such that the court must vacate movant's sentence and appoint competent counsel while allowing funds for an expert mental health professional to aid movant's defense and the court in resentencing. In furtherance, movant cites counsel's own words in reply to movant's email cited above explaining his mental state while medicated between open-heart surgeries bracketing 2018 & 2024: "Yes, a mitigation package can include letters of support. It can include anything we believe would be helpful. It can include medical records, psych records, education records, etc. We certainly can tell the entirety of your story to the judge, who will listen before rendering sentence." "[P]sych records" require the very expert counsel failed to retain to tell the entirety of the story.

Counsel's own words in response to movant's recollection of his impaired mental state between surgeries confirms both counsel's awareness of and the necessity to bring movant's medical and mental health circumstances to the court's attention. Counsel's abject failure to take the necessary steps to do so fails the standards of reasonableness of the Supreme Court and the 11th Circuit violating both the Fifth and Sixth Amendments.

GROUND THREE: COUNSEL WAS INEFFECTIVE FOR DEFAULTING ON FILING AGREED SENTENCING MEMORANDUM, AND THEN FAILING TO INTRODUCE MITIGATION EVIDENCE AT SENTENCING.

Counsel's failure to file an agreed sentencing memorandum and present documented mitigation evidence as well as movant's significant cooperation and restorative actions place counsel's performance well below the Strickland standard.

Counsel initially raised the topic of a pre-sentencing hearing mitigation package following movant's agreement to plead guilt to one count of wire fraud. Counsel expressed the decision was movant's, and she would follow it. Without hesitation, movant instructed counsel that a comprehensive mitigation package was essential to provide the court with an accurate and complete picture of a complex familial/medical situation - not the least because movant expressed that he expected Clayton to submit a false statement as well as a statement from Kraus that did not express her true, uncoerced wishes.

Movant provided counsel with substantial specific mitigation evidence pertaining to the following: i) Kraus' opposition to any form of punishment of movant and desire for restoration of her lifelong rapport, ii) Clayton's impersonation and deception using Kraus' name to achieve her objectives, iii) movant's extensive cooperation and restorative actions to take responsibility for his actions and atone, iv) venture capital investments movant made in both Kraus' name and his own that he anticipated would fully replenish Kraus' estate with substantial excess residual value, and v) movant's medical history and the impact of his failed open-heart surgery. All of this was intended for use in the mitigation package.

Counsel repeatedly reconfirmed she was preparing the agreed mitigation package even after submission was procedurally in default and unlikely to be accepted or a delay granted. The, Sunday September 14th @4:30pm (41.5 hours before a Tuesday 10am sentencing hearing) counsel emailed movant "I had long conversations with my colleagues who have practiced in front of Judge Middlebrooks more extensively than I have. They advised that I should let the letters speak for themselves, and opt for a longer sentencing presentation...as opposed to a memorandum."

A lawyer cannot form a rational "strategic shift" abandoning filing a mitigation package she never commenced drafting and which was already defaulted under local practice rules. "Strategic choices made after less than complete investigation are reasonable" only to the extent that "reasonable professional judgments support the limitations on investigation." Strickland at 690-691. Post-default investigation and strategic shift belie reasonable professional judgement.

Far from converting the intended mitigation package to a presentation at sentencing, counsel instead failed to adequately reference or introduce documentary evidence for movant's essential mitigation defense. This included: i) failure to introduce into evidence the definitive transcript of Susan Kraus' sworn testimony on seven occasions opposing any form of punishment or forced separation from movant, ii) failure to introduce Kraus' voicemail to movant of April 2025 echoing

the above - directly contradicting the video recording in content and tone, iii) failure to challenge Clayton's credibility by introducing evidence of her fraudulent impersonation of Kraus in a related court proceeding, iv) failure to reference movant's extensive restorative actions and cooperation, and v) failure to mention the investments movant made on Kraus' behalf that movant anticipates will more than fully replenish her estate in time.

In Horton v. Zant, 941 F. 2d 1449, 1462 (11th Cir. 1991) the court quoted Strickland's holding that in evaluating whether a trial counsel's performance was deficient, the counsel's performance must be evaluated for "reasonableness under professional norms." Id. at 688, 104 S. Ct. at 2065. The court recognized that merely invoking the word strategy to explain errors was insufficient since "particular decisions must be directly assessed for reasonableness [in light of] all the circumstances." Id. at 691.

Here, counsel's September 14th email represents the supposed strategy shift invocation. But under the circumstances of procedural default having eliminated the mitigation package option born solely out of counsel's neglect - underscored by the absence of any draft - and amplified by counsel's failure to introduce mitigation evidence at sentencing, counsel's performance was plainly deficient under Strickland and the Eleventh Circuit's Horton application.

Similar to the case at hand, Horton's attorneys performed little pre-trial investigation and then produced no mitigating evidence. Here, counsel failed to retain a mental health professional, failed to contact Susan Kraus or use her own words, and otherwise failed to investigate or present mitigating evidence.

In Blanco v. Singletary, 943 F. 2d 1477 (11th Cir. 1991) the petitioner was granted habeas relief based on ineffective assistance of counsel as to the sentencing phase based on counsel's failure to present any mitigating evidence.

In Porter v. McCollum, 558 U.S. 30 (2009) the Supreme Court reversed the Eleventh Circuit holding that "it was objectively unreasonable to conclude there was no reasonable probability the sentence would have been different if the sentencing judge and jury had heard the significant mitigation evidence that counsel neither uncovered nor presented." That is exactly true here as counsel's failure to investigate, failure to timely produce a sentencing memorandum as instructed/agreed, and failure to substantively introduce mitigation factors/evidence at sentencing hearing presented no meaningful advocacy.

GROUND FOUR: COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO PROVIDE A CONSTITUTIONALLY ADEQUATE CONSULTATION REGARDING THE DIRECT APPEAL (SIXTH AMENDMENT)

Counsel has a constitutional duty to consult with the defendant about an appeal when "there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for an appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Roe v. Flores-Ortega, 528 U.S. at 480 (2000).

In this instance, both are true. The aforementioned grounds in this motion citing counsel's failure to retain a mental health expert to investigate, evaluate, and present evidence of severe mental/physical health trauma and its impact on movant's actions, counsel's default in filing agreed sentencing memorandum and subsequent failure to present/introduce mitigating evidence including substantial evidence of Susan Kraus' own words opposing punishment and post-indictment voicemail expressing maternal love directly contradicting in both content and tone the "victim recording" presented unopposed as her true wishes, and movant's early acknowledgment, expressions of remorse/responsibility, cooperation with investigation, and positive restorative actions clearly satisfies the "non-frivolous grounds" prong. Movant's September 18th email to counsel demonstrated a clear, urgent interest in appealing his sentence.

Movant had substantive legal and factual issues to argue on appeal. Counsel's actions meet both the deficiency and prejudice prongs of the Strickland test. The proper standard for evaluating a "defendant's" claim that appellate counsel was ineffective in neglecting to file a merits brief is that enunciated in Strickland. The defendant "must show that his counsel was objectively unreasonable...[i]n failing to find arguable issues to appeal - that is, counsel unreasonably failed to discover non-frivolous issues and to file a merits brief raising them." Smith v. Robbins, 528 U.S. 259, 285 (2000).

Counsel's duty to consult movant regarding an appeal in this instance cannot be questioned. Exactly on point to movant's case at hand is "where a defendant has not specifically instructed his attorney to file an appeal, we must still determine whether counsel in fact consulted with the defendant about such an appeal" Thompson v. United States, 504 F. 3d 1203 (11th Cir. 2007).

Adequate consultation requires "(1) informing a client about his right to appeal, (2) advising a client about the advantages and disadvantages of taking an appeal, and (3) making a reasonable effort to determine whether the client wishes to pursue an appeal, regardless of the merits of such an appeal." Thompson at 1203, 1206.

The Eleventh Circuit has explicitly established that a perfunctory meeting where counsel merely states that an appeal would not be successful does not satisfy this standard. Thompson at 1203, 1206. In Thompson, the court held that when a

defendant expresses dissatisfaction with a sentence, an attorney who simply provides an opinion an appeal is not worthwhile and fails to make an active effort to discover the client's definitive wishes renders constitutionally deficient performance. Here, Counsel advised movant to expect a sentence of approximately four years, well below the guidelines, as a result of it being movant's first offense as well as the substantial mitigating evidence including his mother's expressed opposition to punishment and movant's early acknowledgement and constructive actions - which counsel then failed to introduce or present. Only an irrational defendant would not want to appeal under such circumstances unless told, as movant was, that "no grounds" existed after having expressed an urgent interest in appealing.

A defendant should be provided enough information to intelligently and knowingly assert or waive his right to an appeal. Thompson at 1206. If two of the three elements of adequate consultation are not satisfied, then it is apparent that the counsel failed to consult with the movant regarding his appellate rights. Flores-Ortega at 476.

There is a presumption of prejudice "with no further showing from the defendant of the merits of his underlying claims when the violation of the right to counsel rendered the proceeding presumptively unreliable or entirely non-existent." Flores-Ortega at 484. A defendant need only show that his counsel's constitutionally deficient performance deprived him of an appeal he would otherwise have taken, i.e.. the defendant expressed to his attorney a desire to appeal. Id; see McElroy v. United States, 259 Fed. Appx. 262 (11th Cir. 2007); Gomez-Diaz v. United States, 433 F. 3d 788, 792 (11th Cir. 2005).

Counsel's meeting with movant following movant's urgent outreach regarding an appeal wherein counsel informed movant he had "no grounds" was the essence of perfunctory under Thompson. Instead, counsel's actions were consistent with the entirety of her actions in this case - eschewing effort, disappearing at deadlines, and avoiding advocacy - silencing movant's voice and shielding the court from a 360 degree factual view of the case.

As counsel failed her duty and her client, movant is entitled to an out-of-time appeal.

DECLARATION

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Memorandum attached to the Amended Motion under 28 U.S.C. s 2255 was placed in the prison mailing system on June 30, 2026.

Executed (signed) on June 29, 2026

Signature of Movant

BRETT GRAHAM - #66566-511
FEDERAL CORRECTIONAL COMPLEX
COLEMAN CAMP
PO BOX 1027
COLEMAN, FL 33521

Movant has prepared the attached Amended Motion/Memorandum using the TRULINCS system, the only computer available to movant as an incarcerated individual at Coleman Camp.

Movant has no control over font type, size, page margins or line spacing. Thus, for example, the memorandum is double-spaced which restricts the space for movant's submission beyond that of the minimum set forth in the court's order.

Movant has complied with the order to the extent practical/possible under extreme pressure of time as movant only received the order on June 23rd, and the court has sought to place the burden of the BoP posting on movant.

In view of the totality of circumstances and movant's efforts to comply, movant asks the court's acceptance of the Amended Motion/Memorandum as submitted.

[signature]

Brett Graham (movant's) signature

7/1/26

Date of Signature

CERTIFICATE OF SERVICE

I confirm that I sent a true and correct copy of the following document(s):

- Amended Motion (2255) to Vacate Sentence & attached Memorandum

The document(s) was sent by regular mail by tendering to outgoing mail service at:

Federal Correctional Complex
Camp Coleman
Coleman, FL 33521

The document(s) was sent to the following addressee:

Eli Rubin
United States Attorney's Office
99 NE 4th ST
Miami, FL 33132-1555

The document was tendered on:

July 1, 2026

I confirm under penalty of perjury that all of the above is true in its entirety.

______________________
Brett Graham - Movant

7/1/26
______________________
Date

UNITED STATES POSTAL SERVICE®

**PRIORITY® MAIL**

FROM:

BRETT GRAHAM (#66566-511)
FEDERAL CORRECTIONAL COMPLEX
COLEMAN CAMP
PO BOX 1027
COLEMAN, FL 33521

- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insurance (restrictions apply).*
- USPS Tracking® service included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at *http://pe.usps.com.*

** See International Mail Manual at *http://pe.usps.com* for availability and limitations of coverage.

TO:

CLERK OF THE COURT
400 NORTH MIAMI AVENUE
8TH FLOOR
MIAMI, FLORIDA 33128

# LEGAL FLAT RATE ENVELOPE

ONE RATE ■ ANY WEIGHT

# TRACKED ■ INSURED

PS00001000060

Legal Flat Rate Envelope
EP14L October 2023
OD: 15 x 9.5

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

PAPER POUCH
how2recycle.info

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14L © U.S. Postal Service; October 2023; All rights reserved.

UNITED STATES
POSTAL SERVICE®

PRIORITY
MAIL

AL FLAT RATE ENVELOPE

TE ■ ANY WEIGHT

edule free Package Pickup,
scan the QR code.

USPS.COM/PICKUP

ACKED ■ INSURED

PS00001000060

Legal Flat Rate Envelope
EP14L October 2023
OD: 15 x 9.5

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

For Domestic shipments, the maximum weight is 70 lbs. For International shipments, the maximum weight is 20 lbs.